**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **WELLS FARGO BANK, NATIONAL** | § | |
| **ASSOCIATION AS TRUSTEE FOR** | § | |
| **ASSET BACKED SECURITIES** | § | |
| **CORPORATION HOME EQUITY** | § | |
| **LOAN TRUST, SERIES OOMC 2005-** | § | |
| **HE6, ASSET BACKED PASS-** | § | |
| **THROUGH CERTIFICATES, SERIES** | § | |
| **OOMC 2005-HE6,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 5:22-cv-554** |
| | § | |
| **v.** | § | |
| | § | |
| **DAGOBERTO GARCIA and** | § | |
| **ISABELLA GARCIA,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wells Fargo Bank, National Association as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6, Asset Backed Pass-Through Certificates, Series OOMC 2005-HE6 ("Plaintiff" or "Wells Fargo"), and files this, its *Original Complaint* against Defendants Dagoberto Garcia and Isabella Garcia ("Defendants"), and would respectfully show the Court as follows:

### I. PARTIES

1.     Plaintiff is a "mortgagee" as defined in Texas Property Code section 51.0001(4) and is appearing through the undersigned counsel.

2.     Defendant Dagoberto Garica is an individual who may be served with process at his residence, 509 DeWitt, San Antonio, Texas 78204 or at such other place as he may be found. Summons is requested.

3.     Defendant Isabella Garcia is an individual who may be served with process at her residence, 509 DeWitt, San Antonio, Texas 78204, or at such other place as she may be found. Summons is requested.

## II. PROPERTY

4.     This proceeding concerns the following real property and improvements commonly known as 509 DeWitt, San Antonio, Texas 78204 and more particularly described as:

> LOT 4, BLOCK 6, NCB 2638, MILLER`S RE-SUBDIVISION OF BEANVILLE ADDITION, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT, RECORDED IN VOLUME 642, PAGES 346-347, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS. (the "Property").

## III. JURISDICTION & VENUE

5.     This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

6.     Wells Fargo is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Pursuant to its articles of association, Wells Fargo has its main office in Sioux Falls, South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

7.      Defendants, Dagoberto Garcia and Isabella Garcia are individuals and citizens of the state of Texas.

8.      In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

9.      When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10.      Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Bexar County Appraisal District values the Property at $160,880.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

11.     Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### IV. SUMMARY OF FACTS

12.     On or about April 26, 2005, Dagoberto Garcia executed that certain *Texas Home Equity Adjustable Rate Note (LIBOR 6 Month Index (As Published in The Wall Street Journal)- Rate Caps) (First Lien)* (the "Note") in the original principal amount of $54,400.00 originally payable to RW Mortgage Services and bearing interest at the initial rate of 6.950% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

13.     Concurrently with the Note, Dagoberto Garcia and Isabella Garcia (as "Borrowers") executed that certain *Texas Home Equity Security Instrument (First Lien)* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting RW Mortgage Services a security interest in the Property. The Security Instrument was recorded on May 4, 2005, in the Official Public Records of Bexar County, Texas as Instrument No. 20050097610. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

14.     Wells Fargo is the current legal owner and holder of the Note and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

15.     Under the terms of the Loan Agreement, Mr. Garcia was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16.     The Loan Agreement provides that should Mr. Garcia fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note. The Loan Agreement further provides that the lender may enforces the Security Instrument by

selling the Property according to law and in accordance with the provisions set out in the agreement.

17.     Mr. Garcia has failed to comply with the terms of the Loan Agreement. The Loan Agreement is currently due for the July 1, 2021 payment and all subsequent monthly payments. Notice of Default was mailed to Mr. Garcia on August 23, 2021, in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as Exhibit C. The default was not cured, and the maturity of the debt was accelerated. Notices of Acceleration of Loan Maturity were mailed to Defendants on April 22, 2022. True and correct copies of the Notices of Acceleration of Loan Maturity are attached hereto as Exhibit D.

18.     Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

19.     Plaintiff brings this suit to obtain a judgment allowing foreclosure against Defendants.

## V.     CAUSE OF ACTION—FORECLOSURE

20.     The foregoing paragraphs are incorporated by reference for all purposes.

21.     As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Wells Fargo asserts a cause of action for foreclosure against Defendants. Wells Fargo has fully performed its obligations under the Loan Agreement; however, Defendants did not comply with the Loan Agreement, by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract).

22.     Wells Fargo seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

23.     Wells Fargo has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendant's failure to comply with the Loan Agreement. Wells Fargo is therefore entitled to and seeks judgment against Defendant for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument and by statute. TEX. CIV. PRAC. & REM. CODE ANN. §38.001(8). Wells Fargo seeks an award of attorneys' fees as a further obligation under the Loan Agreement, and not as a money judgment against Defendants personally.

24.     All conditions precedent have been performed or have occurred.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants, Dagoberto Garcia and Isabella Garcia be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff has standing to foreclose and Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: _/s/ Nicholas M. Frame_
     **MARK D. CRONENWETT**
     Attorney in Charge
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **NICHOLAS M. FRAME**
     Texas Bar No. 24093448
     nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Ste. 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**